IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| ESTATE OF ROBERT F. STRONG, JR., by and through Personal Representative Karina A. Strong, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 2:15-cv-04265-NKL |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case concerns the alleged wrongful death of Robert F. Strong, Jr. *See* Amended Complaint, Doc. 123. Plaintiff Karina Strong has moved for approval of the settlement with Defendant United States of America in this case as well as allocation of the proceeds of that settlement. *See* Motion for Approval of Settlement and Allocation, Doc. 127. On February 6, 2018, the Court held a settlement approval hearing.[1] The Court now makes the following findings of fact and conclusions of law:

1. Mr. Strong died in Missouri on October 6, 2016.

2. Plaintiff Karina Strong, the surviving spouse of Mr. Strong, is the wrongful death beneficiary class member of the Decedent who brought a wrongful death claim on behalf of all wrongful death class beneficiary members under R.S.Mo. § 537.080.

3. Plaintiff is a resident of Missouri.

---

[1] The Honorable Nanette K. Laughrey referred the settlement approval hearing to the undersigned United States Magistrate Judge for processing under the Magistrate Act, 28 U.S.C. § 636, and Local Rule 72.1.

4. The Court has jurisdiction to approve the settlement because plaintiff resides in Missouri, the facts alleged in the Amended Complaint arose in Missouri, and Robert F. Strong, Jr. was a resident of Missouri at the time of his death.

5. Mr. Strong is survived not only by Plaintiff, but also by his parents and four natural daughters.

6. Plaintiff Karina Strong has represented that she knows of no other wrongful death beneficiary other than as set forth above, and that there are no other wrongful death beneficiaries as defined under R.S.Mo. § 537.080.1(1).

7. Plaintiff made diligent efforts to give notice of this settlement, and of the date, time, and location of the settlement approval hearing, to each of the other wrongful death beneficiary class members in accordance with Missouri law. Plaintiff succeeded in giving notice through certified mail to each of Mr. Strong's children and to Mr. Strong's father. Mr. Strong's father assigned his portion of the settlement proceeds to Plaintiff in writing.

8. Defendant denies liability to Plaintiff of any kind or character. Nevertheless, the parties have been able to negotiate a compromise and settlement. The gross amount was stated on the record.

9. Plaintiff has represented that she understands that, after collecting the judgment, and after deduction of expenses and attorneys' fees, she will be obligated to distribute the proceeds as set forth in Exhibit 6, and then to report to the Court that these steps have been accomplished.

10. Plaintiff and her attorneys have represented to the Court that the settlement amount and settlement agreement are fair and reasonable considering all facts and circumstances,

and that their approval by the Court would be in the best interests of the Plaintiff and the other wrongful death beneficiaries.

11. Payment is being made on behalf of Defendant.

12. Plaintiff knowingly and voluntarily waived a trial by jury, on her own behalf and on behalf of all wrongful death beneficiaries.

13. The proposed settlement with Defendant is fair and reasonable.

14. The proposed settlement distribution set forth in Exhibit 6 is fair and reasonable.

**In view of the foregoing, it is RECOMMENDED that:**

1. The proposed settlement agreement, and the Settlement Agreement and Release of All Claims, shall be approved.

2. Plaintiff shall be ordered, immediately after payment of the settlement is complete, to collect all settlement proceeds from Defendant, to tender the settlement documents to Defendant, and to execute a Stipulation of Dismissal with Prejudice of all claims against Defendant.

3. Plaintiff shall be ordered to acknowledge satisfaction in whole for the settlement proceeds.

4. The Court shall approve the proposed distribution set forth in Exhibit 6. Plaintiff shall be ordered to distribute the net proceeds in accordance with Exhibit 6 and, following said distribution, to report to the Court that these steps have been accomplished.

5. Exhibit 6 shall be withdrawn from evidence.

Dated this 6th day of February, 2018, at Jefferson City, Missouri.

/s/ Willie J. Epps, Jr.
Willie J. Epps, Jr.
United States Magistrate Judge